IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TYQASHIA SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24CV234 |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| TYQASHIA SELLERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24CV239 |
| ) | |
| YOUTUBE LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

On March 15, 2024, Plaintiff filed an action against the United States, see Sellers v. United States, No. 1:24cv234 (M.D.N.C. Mar. 15, 2024).[1] A mere three days later, on March 18, 2024, Plaintiff filed an action against Youtube LLC, see Sellers v. Youtube LLC, No. 1:24cv239 (M.D.N.C. Mar. 18, 2024).[2] These cases come before the undersigned United States Magistrate Judge on Plaintiff's Applications to Proceed in District Court Without

---

[1] Docket Entries 1 and 2 from this action against the United States are hereafter referred to as the "First Application" and the "First Complaint," respectively.

[2] Docket Entries 1 and 2 from this action against Youtube LLC are hereafter referred to as the "Second Application" and the "Second Complaint," respectively.

Prepaying Fees or Costs (Docket Entries 1), filed in conjunction with her pro se Complaints (Docket Entries 2). For the reasons that follow, the undersigned will grant the Applications for the limited purpose of recommending dismissal of these actions.

### **RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because h[er] poverty makes it impossible for h[er] to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678

2

(2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.[3]

## BACKGROUND

Asserting claims under the Eighth and Fourteenth Amendments of the United States Constitution (see First Complaint at 3)[4] and "defamation of character" (Second Complaint at 3), Plaintiff initiated these actions against the United States (see First Complaint at 2) and Youtube LLC (see Second Complaint at 2). According to Plaintiff's First Complaint:

---

[3] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then Iqbal, 556 U.S. at 679)).

[4] Docket Entry page citations utilize the CM/ECF footer's pagination.

3

> The grounds for filing this case is [sic] that [Plaintiff is] involved in a conflict with the United States and it's [sic] government. [Plaintiff is] diagnosed with bi-polar type disorder and it's known to make [Plaintiff] have mania episodes. [Plaintiff] cannot control [her] thoughts and emotions and [Plaintiff is] too young to be this sad as [herself] and a human being. [Plaintiff's] brain and body cannot control the things that ha[ve] happened to [her]. A law, several laws[,] ha[ve] been broken and so has an amendment. [Plaintiff] shouldn't have to be this tragic because of [her] skin color. [Plaintiff] simply cannot enjoy [her] phone. . . . [The United States] ha[s] broken law of racial discrimination and the 8th Amendment. According to the 14th [A]mendment [Plaintiff is] deprived of [her] life and liberty. . . . As a human being [Plaintiff is] being treated badly by everybody and it's happening in [her] home.

(First Complaint at 4-5.) The First Complaint requests relief in the form of "8 million dollars" for "mak[ing Plaintiff] scared for [her] life and embarrass[ing her] and [her] entire family because of [their] existence in the United States." (Id. at 4.)

Additionally, according to Plaintiff's Second Complaint:

> You[t]ube LLC has harassed and bothered [Plaintiff] for so long and [Plaintiff] ha[s] sent several reports notifying them [t]o stop the harassment and the bullying. [Plaintiff] ha[s] bad mental health and [Youtube is] simply not responding to the reports. [Plaintiff] need[s] the defamation of character stopped and the conduct to stop as well. [Plaintiff] is accusing them of this conduct because they have [Plaintiff] under surveillance and it's difficult to live.

(Second Complaint at 4.) The Second Complaint requests relief in the form of "a settlement" and "free mental health therap[y] for a year." (Id.)

**DISCUSSION**

The First Complaint alleges violations of the Eighth and Fourteenth Amendments but does not develop sufficient factual matter to support such allegations. (See First Complaint at 1-8.) The First Complaint contends "[Plaintiff] is involved in a conflict with the United States" (id. at 4) but fails to provide further detail on the alleged conflict (see id. at 1-8). Moreover, other than the conclusory allegation that "[the United States has] broken [the] law of racial discrimination and the 8th Amendment" (id. at 4), it does not address what actions the United States took in violation of Plaintiff's constitutional rights (see id. at 1-8). In other words, the First Complaint does not indicate in any meaningful way that the United States engaged in a violation of Plaintiff's rights as required to state a plausible claim. "As such, Plaintiff's allegations do not rise above the level of mere speculation." Studivent v. Lankford, No. 1:10cv144, 2010 WL 1568451, at *2 (M.D.N.C. Apr. 16, 2010), recommendation adopted, 2012 WL 1205722 (M.D.N.C. Apr. 11, 2012).

Plaintiff's Second Complaint suffers from similar flaws. Unlike the First Complaint, the Second Complaint does not identify a constitutional violation but rather alleges "defamation of character" (Second Complaint at 3). However, defamation "do[es] not constitute [a] recognizable federal cause[] of action." Jean-Paul v. Wells Fargo Nat. Ass'n, No. 1:15cv682, 2015 WL 5774715

5

(M.D.N.C. Sept. 30, 2015). Additionally, the Second Complaint alleges that Plaintiff suffered from "harassment and [] bullying" (Second Complaint at 4) but fails to provide sufficient factual matter as to what, if any, actions Youtube took that constituted "harassment and [] bullying" (see id. at 1-5). See also Ashcroft, 556 U.S. at 679 ("legal conclusions . . . must be supported by factual allegations").

In sum, the Court should dismiss Plaintiff's claims in both actions for failure to state a claim pursuant to Section 1915(e)(2)(B)(ii).

## CONCLUSION

These actions "fail[] to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Applications (Docket Entries 1) are **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER RECOMMENDATIONS OF DISMISSAL.**

**IT IS RECOMMENDED** that these actions be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
March 29, 2024

6